June 17th, 1907.

————o————

No. 4275.

(Court of Appeal, Parish of Orleans.)

SUCCESSION OF MRS. LOUISA E. GROSS, WIDOW OF HENRY OERTLING.

1. Where, under an order of Court, stocks and bonds have been sold by the executors for the purpose of paying debts

and legacies and an account proposing to make distribution of the proceeds has been filed, a party cannot, under the guise of an opposition, ask for the annulment of the sale on the ground of the violation of an agreement made by the parties in interest.

2. The only issue presented by the filing of the account was the correctness of the proposed distribution of the proceeds of sale.

Appeal from Civil District Court, Division "A."

E. P. Foley, for Testamentary Executors.

J. B. Habans, for Defendant in rule, Appellant.

DUFOUR, J. This succession having been opened, letters testamentary issued and an inventory taken, the Court, on the joint application of the three executors issued an order authoring the three executors "to sell the stocks and bonds, jointly or through a broker, at private sale, at the rates prevailing in open market."

The sale was affected and an account was filed proposing to distribute the funds.

A document, styled an opposition, was filed by Gus Oertling, who had resigned as executor, in which he prays that the sale be set aside and the property be rescid.

The reasons stated are that when the order of sale was asked for and obtained it was agreed between the parties in interest that the bonds should be sold to the parties giving the greatest consideration for the same, and that, if he had known of the time of sale, he would have paid a higher price for the bonds than did the purchaser.

The executors moved to dismiss the alleged opposition on the ground that it was not an opposition and could not be considered. The Court correctly rejected Oertling's demand.

The property was sold by order of Court and the only issue involved was the correctness of the proposed distribution of the proceeds of sale. If any agreement was violated as between the co-heirs or if the executors discharged their trust in an improper manner, the parties who claim to have been damaged must seek in other proceedings the relief to which they believe themselves entitled.

Judgment affirmed.